Form: Dismiss TRAP 42.2 Appellant's Motion



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





MIGUEL SOTO,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-03-00248-CR



Appeal from the


210th District Court


of El Paso County, Texas 


(TC# 20020D05351)



MEMORANDUM OPINION


 Pending before the Court is an attempted appeal in the prosecution of Miguel Soto. 
The notice of appeal was filed by Judge Gonzalo Garcia on an issue of recusal, and is the
subject of this motion to withdraw the notice of appeal pursuant to Rule 42.2(a):

 (a) At any time before the appellate court's decision, the appellate court
may dismiss the appeal if the party that appealed withdraws its notice
of appeal-by filing a written withdrawal in duplicate with the
appellate clerk, who must immediately send the duplicate copy to the
trial court clerk. An appellant must personally sign the written
withdrawal.


Tex. R. App. P. 42.2(a). Counsel for Judge Garcia has filed and signed the motion to
withdraw the notice of appeal. Judge Garcia has not signed the withdrawal; however, the
requirement of his signature is suspended, pursuant to Rule 2, since he is not a defendant
and does not require the procedural protections for which the signature of an appellant in
most criminal cases is required. Tex. R. App. P. 2. (1) The requirements of Rule 42.2(a)
have been met. The Court has considered this cause on appellant's motion and concludes
the motion should be granted. We therefore grant the motion and dismiss the appeal.


 SUSAN LARSEN, Justice

June 26, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)

1. Rule 2 states that "On a party's motion or on its own initiative an appellate court may-to
expedite a decision or for other good cause-suspend a rule's operation in a particular case and
order a different procedure; but a court must not construe this rule to suspend any provision in
the Code of Criminal Procedure or to alter the time for perfecting an appeal in a civil case." Tex. 
R. App. P. 2.